# UNITED STATES *v.* CADARR.

CERTIORARI TO THE COURT OF APPEALS OF THE DISTRICT OF COLUMBIA.

No. 438. Argued February 28,March 1, 1905.—Decided April 3, 1905.

Section 939 of the District of Columbia Code, providing that if any person charged with a criminal offense shall have been committed or held to bail to await the action of the grand jury, and the grand jury does not act within nine months the prosecution on the charge shall be deemed to be abandoned and the accused set free or his bail discharged, is not a statute of limitations, and does not repeal or affect the general statute of limitations in force in the District, § 1044 Rev. Stat., and a person, who in this case had not made any application under § 939 to be released from bail, may be held to answer upon an indictment found more than nine months after he was arrested and held to bail.

It would require clear and specific language to indicate a legislative intent

to bar the prosecution of all offenses for the failure of the grand jury to act within nine months of the arrest of the accused when the latter is at large under bail.

THE facts are stated in the opinion.

*Mr. Assistant Attorney General McReynolds,* with whom *Mr. William R. Harr,* special assistant to the Attorney General, was on the brief for the United States.

*Mr. H. Prescott Gatley* for respondent Parker.

MR. JUSTICE DAY delivered the opinion of the court.

The respondents were indicted for conspiracy in the District Court of the District of Columbia on March 31, 1902. On April 4, 1902, Cadarr, Keating and Myers were arraigned and entered pleas of not guilty. On April 7, 1902, Parker entered a plea of not guilty; on May 1, 1902, he withdrew this plea and filed a motion to quash. The ground of this motion was that the indictment was not returned to the court within nine months from the twenty-fifth day of April, 1901, on which day the defendants were held to bail to await the action of the grand jury on the charge of conspiracy, the time for taking action in the case not having been extended by the court or any judge thereof, as provided in section 939 of the act to establish a code for the District of Columbia, approved March 3, 1901. The motion was sustained, and it was directed that Parker's bail be discharged, and all the defendants were allowed to go without day.

Upon appeal by the United States, the Court of Appeals affirmed this judgment. Thereupon ·this writ of certiorari was granted.

This case raises the question whether section 939 of the Code of the District of Columbia is intended to bar further prosecu- tion of crimes and offenses where the grand jury has failed to act thereon within the period named in the statute, or whether

the failure to take such action is intended to and does end further prosecution so as to discharge the accused from bail or from imprisonment in cases of commitment. The District Court, whose judgment was sustained by the Court of Appeals, construed the statute as one of limitations, and held that failure to take action within the period limited was a final bar to further prosecution. The section directly involved is number 939 of the District of Columbia Code, and is as follows:

"SEC. 939. *Abandonment of prosecution.*—If any person charged with a criminal offense shall have been committed or held to bail to await the action of the grand jury, and within nine months thereafter the grand jury shall not have taken action on the case, either by ignoring the charge or by returning an indictment into the proper court, the prosecution of such charge shall be deemed to have been abandoned and the accused shall be set free or his bail discharged, as the case may be: *Provided, however*, That the Supreme Court of the District of Columbia, holding a special term as a criminal court, or, in vacation, any justice of said court, upon good cause shown in writing, and, when practicable, upon due notice to the accused, may from time to time enlarge the time for the taking action in such case by the grand jury." 31 Stat. 1189, 1342.

The general statute of limitations is in force in the District and is section 1044, Revised Statutes of the United States, which is as follows:

"No person shall be prosecuted, tried, or punished for any offense, not capital, except as provided in section one thousand and forty-six, unless the indictment is found, or the information is instituted within three years next after such offense shall have been committed."

It is the contention of respondents' counsel that section 939 operates as a special statute of limitation for cases within its terms wherein the accused has been arrested and committed to prison or released on bail. On the other hand, the Government contends that it is not a statute of limitation, but is intended to limit the time within which the grand jury must act

upon a charge upon which the accused has been arrested and committed or admitted to bail. ·· At the common law and in the absence of special statutes of limitations the mere failure to find an indictment will not operate to discharge the accused from the offense nor will a *nolle. prosequi* entered by the Government or the failure of the grand jury to indict. It is doubtless true that in some cases the power of the Government has been abused, and charges have been kept hanging over the heads of citizens, and they have been committed for unreasonable periods, resulting in hardship. With a view to preventing such wrong to the citizen, statutes have been passed in many States similar to the one under consideration, in aid of the constitutional provisions, National and state, intended to secure to the accused a speedy trial. These statutes differ so much in purpose and phraseology that we cannot derive much aid from decisions under them in determining the correct construction of the one under consideration. With a few exceptions, they relate to the bringing to trial of the accused after indictment found, and are intended to speed the trial of the cause. Whether the failure to bring on the trial within the time limited shall have the effect of discharging the accused from further prosecution for the crime or offense, or shall operate merely to put an end to the pending prosecution, depends upon the terms used in the different statutes. Generally speaking, where the statute has provided that the discharge shall be from imprisonment or bail, without other language, it has been held not to operate as a statute of limitations. On the other hand, where the statute has provided that the failure to prosecute shall discharge the accused so far as relates to the offense or from the crime, or he shall be acquitted of the offense charged in the indictment, failure to prosecute has been held to work a final discharge from the offense. Of the former class of cases are *State v. Garthwaite*, 3 Zab. 143; of the latter class are *Ex parte McGehan*, 22 Ohio St. 442; *Commonwealth v. Cawood*, 2 Va. Cases, 527; *State v. Wear*, 145 Missouri, 162; *In re Edwards*, 35 Kansas, 99, 103.

Turning to the particular statute under consideration, we find it is one in terms dealing with the status of the accused before indictment, after he has been committed or held to bail, and limits the time within which the grand jury may take action in such cases, whether the same results in ignoring the charge or the return of an indictment, and for the failure of the grand jury to take action within the time limited it is provided " that the prosecution of such charge shall be deemed to have been abandoned and the accused shall be set free or his bail discharged, as the case may be." This statute is not one of limitations, having effect upon the time in which the particular case may be prosecuted after the commission of the crime, but relates solely to the right of action by the grand jury as to one who has been committed or held to bail, wherein it is provided that the grand jury must act within the time named or the accused shall be set free, if imprisoned, or his bail discharged, if out on bond. We think this act was not intended to amount to a repeal *pro tanto* of the statute of limitation as contained in section 1044. For failure to indict within the time limited it is not provided, as in the cases where the statute has been construed to finally discharge the accused, that he shall be discharged from the offense, or that prosecution shall be forever barred, or he shall be deemed acquitted of the charge, but the result of the failure to prosecute has reference solely to the right in the pending prosecution to be freed, if imprisoned, or released from bail if under bond. If it had been the purpose of Congress to work so radical a change in the law as to end the right of further prosecution for the offense, we think it would have used language apt for that purpose, and the failure so to do indicates the intention to deal only with delays in action by the grand jury against persons under arrest or bonds. It is delay in the action of the grand jury, not the cutting down of the time of prosecution for offenses, that is aimed at in this statute. Much stress is laid in the argument of counsel for the respondent upon the expression, "the prosecution of such charge shall be deemed to

have been abandoned." But having reference to the previous part of the section, "such charge," relates to the one under which the accused has been committed or held to bail. The section prescribes the time within which the grand jury must act, and failing so to do, it is decreed that the prosecution shall be deemed to have been abandoned, and the effect upon the accused is not that he shall be discharged from prosecution for the offense, but that he shall be set free, if imprisoned, or his bail discharged, if released on bond. The statute, it is observed, acts upon persons committed to prison, and, with like effect, upon those not incarcerated but only held to bail. We think it would require clear and specific language to indicate a legislative intent to bar the prosecution of all offenses for the failure of the grand jury to act within nine months of the arrest of the accused, when the latter is at large upon bond. Again, if the contention of counsel for the accused is adopted, one will be discharged from further prosecution if the grand jury does not act upon the case, but if the grand jury does act, and the charge against the accused is found to be unwarranted, he is still subject to indictment until the three years of the statute of limitations have run, while the person whose case has not been wholly investigated will be forever released from the offense. Furthermore, section 1044 does not apply to capital offenses, for such are expressly excluded from the operation of that section; but section 939, under consideration, makes no exception, and applies alike to all offenses, and would operate to discharge a person accused of murder as well as one accused of petty theft. But, it is urged, section 939 permits the court to control and extend the time for taking action by the grand jury, thereby indicating the purpose of Congress to make this statute one of limitation. But we do not think the control of the time for taking action before the grand jury, given in this paragraph, enlarges the statute so as to make it applicable beyond the effect prescribed, which is upon the liberty of the accused or his freedom from the requirement to give bail. It is urged that if the construction insisted upon

by the Government is given to this statute the accused may be discharged for failure of the grand jury to act, and then immediately rearrested, so that the statute will be defeated of its purpose to protect the accused. The question of whether one who has made application to the court, and been discharged for failure to find an indictment against him within the time limited, could again be arrested without indictment, is not involved in this case. The question is, Is the prosecution of the offense finally barred by this statute, so that the accused may not be held to answer upon an indictment found after the nine months' period has elapsed? It is urged by counsel for the respondents that the power given the court to enlarge the time for taking action by the grand jury is not limited, and that the time may be extended beyond the period of three years fixed by the general statute of limitations. We cannot agree to this contention. We think the general statute of limitations has not been repealed or modified by this section. The purpose of statutes of limitation is to finally bar all prosecution, and the purpose of the act under consideration, as we view it, is to control the prosecution by requiring action by the grand jury, and in default thereof release the person of the accused or discharge him from bail, so far as the pending prosecution is concerned. While the construction of this section is not free from difficulty, we think the view herein expressed best effectuates the purpose and intention of Congress in enacting this statute, viewed in the light of the language used and the objects intended. This view of the case renders it unnecessary to pass upon other questions raised in the record.

> *The judgment of the Court of Appeals will be reversed and the cause remanded with directions to reverse the judgment of the Supreme Court of the District of Columbia and remand the cause to that court for further proceedings in accordance with this opinion.*