[No. 7900-0-I.   Division One.   March 23, 1981.]

THE STATE OF WASHINGTON, *Respondent,* v. CHARLES CHRISTOFFERSON, *Appellant.*

*Dennis Lane,* for appellant.

*Norm Maleng, Prosecuting Attorney,* and *Marc Boman, Deputy,* for respondent.

SWANSON, J.—Charles Christofferson appeals from a judgment and sentence entered following a jury trial in which he was found guilty of a violation of the Uniform Controlled Substances Act (delivery of marijuana), RCW 69.50.401(a). The sole issue in this case is whether Christofferson's right to a speedy trial, as provided under CrR 3.3, was violated.

A chronology of the significant events in this case follows:

8/23/78     Christofferson negotiated for the sale of 1 pound of marijuana.

10/04/78     Christofferson was arrested for the above offense.

11/17/78     The following amendment to CrR 3.3, the speedy trial rule, became effective

CrR 3.3(b)(1):

The time limits set forth in subsections (b)(2) and (b)(3)[1] shall commence to run from the date: (a) of the order binding the defendant over to the superior court following a preliminary hearing pursuant to JCrR 2.03 or (b) of the tenth day following the defendant's arrest in the event a preliminary hearing is not held or the charge is initially filed in the superior court.

2/23/79     Christofferson was arraigned in Seattle District Court. The defense stipulated to probable cause. A date of 3/12/79 was set for the next hearing.

3/12/79     The district court ordered Christofferson bound over to superior court for trial.

3/19/79     Christofferson and his attorney selected a trial date of May 16 and an omnibus hearing date of May 2.

5/07/79     Christofferson and his attorney signed an order in which the trial date was set for 5/16/79 and an

---

[1]CrR 3.3(b)(2) then provided that a defendant unable to obtain release from pretrial custody be brought to trial within 60 days of the "applicable event" set forth in CrR 3.3(b)(1). CrR 3.3(b)(3) provided that a defendant released from custody be brought to trial within 90 days of the "applicable event" in CrR 3.3(b)(1).

expiration date of the speedy trial time limit was indicated for 6/9/79.

5/31/79     Christofferson moved to dismiss for violation of CrR 3.3. The motion was denied. Christofferson's trial commenced.

Christofferson was not in custody before his trial. CrR 3.3(b)(3) then provided that a defendant released from custody be tried within 90 days of the applicable event set forth in CrR 3.3(b)(1). Christofferson argued in support of his motion to dismiss that, because a preliminary hearing was not held in district court, the relevant "applicable event" was the 10th day following his arrest. Christofferson contended, therefore, that he should have been brought to trial within 100 days of his arrest on October 4, 1978, or at the very least, within 100 days of November 17, 1978, the effective date of CrR 3.3(b)(1). Christofferson's trial began on May 31, 1979, 239 days after his arrest and 195 days after the effective date of CrR 3.3(b)(1).

When a felony complaint is filed in justice court, the court may conduct a preliminary hearing to determine whether probable cause exists to believe the defendant has committed a felony. JCrR 2.03(d)(1). If the court finds probable cause, or if the parties waive the preliminary hearing, the justice court must bind the defendant over to superior court. JCrR 2.03(d)(1).

The record in this case shows that a preliminary hearing was scheduled in Seattle District Court but that Christofferson stipulated to the existence of probable cause, making a formal preliminary hearing unnecessary. This stipulation constituted a waiver of the preliminary hearing sufficient to allow Christofferson's bindover to superior court pursuant to JCrR 2.03(d)(1). We conclude that this stipulation was also tantamount to the holding of a preliminary hearing for purposes of CrR 3.3(b)(1). The "applicable event" triggering the commencement of the speedy trial time period under CrR 3.3(b)(3) was, therefore, not Chris-

tofferson's arrest, but the March 12, 1979, order binding him over to superior court. Christofferson's trial commenced on the 80th day following issuance of this order and within the 90-day limit prescribed under CrR 3.3(b)(3). Christofferson's motion to dismiss was properly denied.

■ Christofferson argues for the first time on appeal that his right to a speedy trial under CrR 3.3 was also violated because he was not tried nor was a bindover order issued in Seattle District Court within 100 days following his arrest. As Christofferson points out, *State v. Edwards,* 94 Wn.2d 208, 616 P.2d 620 (1980), recently interpreted former CrR 3.3(b)(1) to require that either a trial be held or a bindover order issued within 100 days following the arrest of a defendant not in custody before trial. Because Christofferson did not raise this issue before the trial court, we will not consider it on appeal. *See State v. Barton,* 28 Wn. App. 690, 626 P.2d 509 (1981).

■ Furthermore, we note that Christofferson and his attorney prior to trial approved an omnibus order indicating an expiration date for the speedy trial time period of June 9, 1979. The order stated that they had "no information to contrary that the expiration date . . . is the correct computation of time under Criminal Rule 3.3. . . ." Above Christofferson's signature on the order is the following statement: "I approve of my attorney's actions as indicated by this Order and I specifically agree with the computation of time under Criminal Rule 3.3 (the '60 day' trial rule)." A defendant or his counsel may expressly waive a defendant's right to trial within the time limits of CrR 3.3. *State v. Williams,* 87 Wn.2d 916, 920, 557 P.2d 1311 (1976); *State v. Franulovich,* 18 Wn. App. 290, 293, 567 P.2d 264 (1977). The explicit approval of June 9, 1979, as the expiration date for Christofferson's speedy trial time period constituted a waiver of his right to object to a violation of CrR 3.3 so long as he was tried on or before that date.

The judgment is affirmed.

WILLIAMS and ANDERSEN, JJ., concur.

Reconsideration denied June 4, 1981.

Review denied by Supreme Court September 3, 1981.