[Nos. 53209–5, 53213–3, 53215–0,   En Banc.        August 13, 1987.]
     53327–0, 53375–0, 53345–8.

THE STATE OF WASHINGTON, *Respondent,* v.
JAMES M. HODGSON, *Petitioner.*

THE STATE OF WASHINGTON, *Respondent,* v.
DENNIS FIED, *Petitioner.*

THE STATE OF WASHINGTON, *Respondent,* v.
BRIAN T. BEHRLE, *Petitioner.*

THE STATE OF WASHINGTON, *Respondent,* v.
FRANK WILLIAM MILLER, *Petitioner.*

THE STATE OF WASHINGTON, *Appellant,* v.
KENNETH LEE NIGH, *Respondent.*

THE STATE OF WASHINGTON, *Respondent,* v.
ALBERT WILLIAMS, *Petitioner.*

*Dori Jones* of *Washington Appellate Defender Association,* for petitioners Hodgson, et al.

*Wolfe, Lobsenz & Cullen,* by *John W. Wolfe, James E. Lobsenz,* and *Paris K. Kallas,* for petitioner Miller.

*C. C. Bridgewater, Jr., Prosecuting Attorney for Cowlitz County,* and *Terry Lee, Deputy,* for appellant.

*David Middaugh,* for petitioner Williams.

*Norm Maleng, Prosecuting Attorney for King County, Robert S. Lasnik, Senior Deputy,* and *Peter R. Goldman* and *Rebecca Roe, Deputies,* for respondent State.

*Stephen Garvey* and *Roethler, Crandall & Long, P.S.,* for respondent Nigh.

ANDERSEN, J.—

## FACTS OF CASE

These six consolidated appeals involve sexual offenses committed, or allegedly committed, against children. At issue herein is the effect on crimes committed, or allegedly

committed, of later legislative changes in the applicable statute of limitation that extended the time within which such offenses must be prosecuted.

## THE SIX CASES

In State v. James M. Hodgson, Dennis Fied and Brian T. Behrle, the defendants, members of a Vashon Island church community, were charged with having repeatedly sexually abused a number of children in that community. The cases against these three defendants were consolidated for trial. At a trial to the court in the Superior Court for King County, the defendant Hodgson was found guilty of 4 counts of first degree statutory rape, 2 counts of second degree statutory rape and 1 count of indecent liberties. The defendant Fied was found guilty of 9 counts of statutory rape in the first degree, 3 counts of statutory rape in the second degree and 2 counts of indecent liberties. The defendant Behrle was found guilty of 9 counts of statutory rape in the first degree, 2 counts of statutory rape in the second degree and 2 counts of indecent liberties. On appeal to the Court of Appeals, Division One of that court dismissed the defendants' convictions for indecent liberties, 1 count of statutory rape in the first degree and 2 counts of statutory rape in the second degree against the defendant Fied, and 1 count of statutory rape in the first degree against the defendant Hodgson. That court affirmed the remaining convictions.[1]

We granted these three defendants' separate petitions for review and consolidated them for hearing.

In State v. Frank William Miller, the defendant was charged with two counts of indecent liberties. A pretrial motion to dismiss was denied by the Superior Court for King County on the authority of the Court of Appeals

---

[1]*State v. Hodgson,* 44 Wn. App. 592, 600, 722 P.2d 1336, *review granted,* 107 Wn.2d 1012 (1986). Some of the dismissals were as noted in the unpublished portion of that opinion.

decision in *State v. Hodgson.*[2] In State v. Albert Williams, that same court, acting pursuant to the same authority, also declined to grant a pretrial defense motion to dismiss charges of indecent liberties and second degree statutory rape against the defendant in that case. Stays were entered in both of these pending cases and we granted interlocutory discretionary review in both.

In State v. Kenneth Lee Nigh, a charge of indecent liberties was dismissed by the Superior Court for Cowlitz County on a pretrial defense motion. The prosecuting attorney for that county appealed the dismissal to the Court of Appeals. Thereupon the appeal was transferred to this court from Division Two of the Court of Appeals and consolidated for hearing in this court along with the five other cases above referred to.

We are informed that yet other cases involving this issue have been stayed pending our decision in these consolidated cases.

### Changes in the Statute of Limitation

As pointed out, the crimes involved in these cases are statutory rape in the first degree (RCW 9A.44.070), statutory rape in the second degree (RCW 9A.44.080) and indecent liberties where the victim is less than 14 years of age (RCW 9A.44.100(1)(b)). In connection with the increased attention that legislatures have lately been giving to child abuse problems, the period of limitation applicable to these crimes has recently been increased twice. Originally, the three crimes came within the general 3–year felony statute of limitation.[3] Then, effective June 10, 1982, the statute of limitation pertaining to them was increased to 5 years.[4] Then yet again, the statute of limitation pertaining to them

---

[2]See footnote 1.

[3]Former RCW 9A.04.080; Laws of 1975, 1st Ex. Sess., ch. 260, § 9A.04.080, p. 823.

[4]Former RCW 9A.04.080; Laws of 1982, ch. 129, § 1, p. 559.

was increased to 7 years effective July 28, 1985.[5]

The policy reasons cited by the Legislature for these upward revisions of the limitation period for these crimes were that experience had shown that due to fear, lack of understanding or manipulation of the victim by the offender, victims of child abuse sometimes did not report it within the shorter limitation periods.[6]

Most, if not all, of the offenses charged in these consolidated cases occurred during the time that the 3–year statute of limitation was in effect, but were not charged until the later 5– or 7–year statute of limitation became effective. In some of the counts, acts were alleged as occurring over a quite lengthy charging period. In none of the counts charged within the 5–year limitation period had the original 3–year statute of limitation run prior to the effective date of the legislative change to a 5–year limitation period. And in none of the counts involving charges filed within the 7–year limitation period had the 5–year limitation period run before the effective date of the legislative change to a 7–year limitation period. It is the defendants' contention that the 3–year statute is applicable, that it had run and, therefore, that the charges should be dismissed as time barred by the 3–year statute of limitation. We disagree.

One basic issue is presented in all six cases.

ISSUE

Does a legislative enactment extending a criminal statute of limitation apply to crimes committed before such enactment?

DECISION

CONCLUSION. When the Legislature extends a criminal statute of limitation, the new period of limitation applies to offenses not already time barred when the new enactment

---

[5]RCW 9A.04.080; Laws of 1985, ch. 186, § 1, p. 700.

[6]See Final Legislative Report, 47th Legislature (1982), at 154 (SSB 4461); House Bill Report, 47th Legislature (1982) (SSB 4461); Final Legislative Report, 49th Legislature (1985), at 273 (SB 3393).

was adopted and became effective.

A review of the multitude of cases decided by many courts on this subject suggests that the labeling of statutes of limitation and changes thereto as "procedural" or "substantive", "prospective" or "retrospective" or "retroactive", and as subject to "strict" or "liberal" interpretation, and then letting the consequences flow according to the label affixed, tends to obscure rather than clarify the law. We deem it helpful to consider the issue in more fundamental terms of precisely what statutes of limitation in criminal cases are, and how they function.

■ As a general proposition, it may be stated that there is no such thing as a common law statute of limitation in criminal cases.[7] Such statutes of limitation are matters of legislative grace; they are a surrendering by the sovereign of its right to prosecute.[8] Since they are measures of public policy only, and subject to the will of the Legislature as such, they may be changed or repealed in any case where the right to a dismissal has not been absolutely acquired by the completion of the running of the statutory period of limitation.[9]

This is not to say that a prosecution once barred by the running of the applicable statute of limitation can be

---

[7]*Handel v. Artukovic,* 601 F. Supp. 1421, 1430 (C.D. Cal. 1985); *United States v. Fraidin,* 63 F. Supp. 271, 278–79 (D. Md. 1945); *State v. Hickman,* 189 So. 2d 254, 261 (Fla. Dist. Ct. App.), *cert. denied,* 194 So. 2d 618 (1966); 22 C.J.S. *Criminal Law* § 223, at 572 (1961); 1 R. Anderson, *Wharton on Criminal Law and Procedure* § 179, at 417 (1957); 21 Am. Jur. 2d *Criminal Law* § 223, at 408 (1981). *See United States v. Thompson,* 98 U.S. 486, 489–90, 25 L. Ed. 194 (1878).

[8]*Handel,* at 1430; *Waters v. United States,* 328 F.2d 739, 743 (10th Cir. 1964); 22 C.J.S., § 223, at 573; 1 R. Anderson, at 418; 21 Am. Jur. 2d, § 223, at 409. *See United States v. Cadarr,* 197 U.S. 475, 481, 49 L. Ed. 842, 25 S. Ct. 487 (1905); *State v. Glover,* 25 Wn. App. 58, 61, 604 P.2d 1015 (1979).

[9]*Clements v. United States,* 266 F.2d 397, 399 (9th Cir.), *cert. denied,* 359 U.S. 985, 3 L. Ed. 2d 934, 79 S. Ct. 943 (1959); *Falter v. United States,* 23 F.2d 420, 425 (2d Cir.), *cert. denied,* 277 U.S. 590, 72 L. Ed. 1003, 48 S. Ct. 528 (1928); *Fraidin,* at 279; 22 C.J.S., § 224, at 577; 1 R. Anderson, at 418; 21 Am. Jur. 2d, § 223, at 408.

revived by the Legislature; it cannot be. The classic explanation is that of Judge Learned Hand:

> Certainly it is one thing to revive a prosecution already dead, and another to give it a longer lease of life. The question turns upon how much violence is done to our instinctive feelings of justice and fair play. For the state to assure a man that he has become safe from its pursuit, and thereafter to withdraw its assurance, seems to most of us unfair and dishonest. But, while the chase is on, it does not shock us to have it extended beyond the time first set, or, if it does, the stake forgives it.

*Falter v. United States,* 23 F.2d 420, 425–26 (2d Cir.), *cert. denied,* 277 U.S. 590, 72 L. Ed. 1003, 48 S. Ct. 528 (1928).

Accordingly, "[u]ntil the statute has run it is a mere regulation of the remedy . . . subject to legislative control. Afterwards it is a defense, not of grace, but of right, not contingent, but absolute and vested, . . . not to be taken away by legislative enactment."[10] In the cases before us, none of the offenses in question were time barred at the time the new statutes of limitation were enacted and became effective, therefore, each new statute became the one applicable. None of the prosecutions before us was time barred at the time they were commenced.

Thus, where a statute extends a period of limitation, or provides for the tolling thereof, it applies to offenses not barred at the effective date of the act, so that a prosecution may be commenced at any time within the newly established limitation period although the original period of limitation had by then expired.[11]

■ Similarly, the legislative extensions of the statute of limitation did not violate the ex post facto prohibitions

---

[10]*People ex rel. Reibman v. Warden,* 242 A.D. 282, 285, 275 N.Y.S. 59, 63 (1934).

[11]*Falter,* at 425; *Reibman,* at 284–85; 22 C.J.S., § 224, at 578; 1 R. Anderson, at 418; 21 Am. Jur. 2d, § 224, at 410–11. *See also People v. Eitzen,* 43 Cal. App. 3d 253, 266–67, 117 Cal. Rptr. 772 (1974); *People v. Massarella,* 80 Ill. App. 3d 552, 558–59, 400 N.E.2d 436 (1979), *cert. denied,* 449 U.S. 1077, 66 L. Ed. 2d 799, 101 S. Ct. 855 (1981).

contained in our federal and state constitutions.[12] Most courts that have considered this issue have so held.[13] As the Court of Appeals correctly observed in *State v. Hodgson,* 44 Wn. App. 592, 603, 722 P.2d 1336, *review granted,* 107 Wn.2d 1012 (1986), "[t]he change in the limitation period in the present case passes the [*State v.*] *Edwards* [104 Wn.2d 63, 70–71, 701 P.2d 508 (1985)] criteria; lengthening the limitation period before the prosecution is barred does not aggravate the crime, increase the punishment, or allow the offender to be convicted under legal rules permitting different testimony."

Nor does the saving clause statute, RCW 10.01.040,[14] change our determination herein. It saves "all offenses committed or penalties or forfeitures incurred" from being abated when a criminal statute is repealed.[15] By its terms, however, this statute saves only substantive rights and lia-

---

[12]U.S. Const. art. 1, § 10; Const. art. 1, § 23.

[13]2 N. Singer, *Statutory Construction* § 42.06, at 456 (4th ed. 1986); 21 Am. Jur. 2d, § 235, at 423; *see United States ex rel. Massarella v. Elrod,* 682 F.2d 688, 689 (7th Cir. 1982), *cert. denied,* 460 U.S. 1037, 75 L. Ed. 2d 787, 103 S. Ct. 1426, 1427 (1983); *Clements,* at 399; *Falter,* at 425; *Vasquez v. State,* 557 S.W.2d 779, 781 n.2 (Tex. Crim. App. 1977); *People v. Pfitzmayer,* 72 Misc. 2d 739, 740–42, 340 N.Y.S.2d 85, 86–88 (Sup. Ct. 1972).

[14]"No offense committed and no penalty or forfeiture incurred previous to the time when any statutory provision shall be repealed, whether such repeal be express or implied, shall be affected by such repeal, unless a contrary intention is expressly declared in the repealing act, and no prosecution for any offense, or for the recovery of any penalty or forfeiture, pending at the time any statutory provision shall be repealed, whether such repeal be express or implied, shall be affected by such repeal, but the same shall proceed in all respects, as if such provision had not been repealed, unless a contrary intention is expressly declared in the repealing act. Whenever any criminal or penal statute shall be amended or repealed, all offenses committed or penalties or forfeitures incurred while it was in force shall be punished or enforced as if it were in force, notwithstanding such amendment or repeal, unless a contrary intention is expressly declared in the amendatory or repealing act, and every such amendatory or repealing statute shall be so construed as to save all criminal and penal proceedings, and proceedings to recover forfeitures, pending at the time of its enactment, unless a contrary intention is expressly declared therein." RCW 10.01.040.

[15]*See State v. Hanlen,* 193 Wash. 494, 496, 76 P.2d 316 (1938).

bilities of a repealed statute;[16] it does not include a statute of limitation within its operation.[17]

In the Hodgson, Fied and Behrle cases, we do not necessarily concur in the Court of Appeals analysis of the statute of limitation issue in *Hodgson*. For the reasons stated herein, however, that court did not err when it refused to reverse the convictions of these defendants on statute of limitation grounds.

We have also reviewed the other grounds argued in the petition for review by these three defendants and conclude that they too are not well taken. There was no equal protection violation for the reasons fully explained in *Hodgson*. Although the Court of Appeals misstated in the unpublished part of its *Hodgson* opinion that certain expert testimony was not objected to, nevertheless the trial court did not abuse its discretion when it allowed the question and answer complained of to stand.

Accordingly, in Hodgson, Fied and Behrle, the Court of Appeals is affirmed. In Miller and Williams, the trial court's orders denying the defense motions to dismiss are affirmed, the stays are dissolved and the causes are remanded for trial. The trial court's order of dismissal in Nigh is reversed and that case is also remanded for trial.

PEARSON, C.J., and UTTER, BRACHTENBACH, DOLLIVER, DORE, CALLOW, GOODLOE, and DURHAM, JJ., concur.

Reconsideration denied November 13, 1987.

---

[16]*See Warden v. Marrero,* 417 U.S. 653, 660–61, 41 L. Ed. 2d 383, 94 S. Ct. 2532 (1974); *United States v. Provenzano,* 423 F. Supp. 662, 668–69 (S.D.N.Y. 1976), *aff'd,* 556 F.2d 562 (2d Cir. 1977).

[17]*United States v. Obermeier,* 186 F.2d 243, 253–54 (2d Cir. 1950), *cert. denied,* 340 U.S. 951, 95 L. Ed. 685, 71 S. Ct. 569, 573 (1951); *Bridges v. United States,* 346 U.S. 209, 226–27, 97 L. Ed. 1557, 73 S. Ct. 1055 (1953); *Provenzano,* at 668–69; 22 C.J.S., § 224, at 578.