[No. 21286–9–I.   Division One.   July 17, 1989.]

THE STATE OF WASHINGTON, *Respondent,* v. DUANE E.
FREEMAN, *Appellant.*

*Kathryn Ross* and *Jones, Ross, Luke, Casteel & Mallory,
P.S.,* for appellant.

*Norm Maleng, Prosecuting Attorney,* and *Susan Noonan*
and *Jeanette M. Dalton, Deputies,* for respondent.

GROSSE, A.C.J.—Duane E. Freeman appeals his conviction on the charge of statutory rape in the second degree. He contends the court erred in entering a pretrial order denying his motion to dismiss the information for failure to commence the trial in accordance with CrR 3.3. He also argues that the trial court erred in refusing his instructions on lesser included offenses, and that the trial court erred in refusing to permit Freeman to cross–examine one of the

complainants regarding previous allegations of abuse involving a party other than the defendant.

Freeman contends that CrR 3.3(i) requires dismissal of the charges against him with prejudice because he was not brought to trial within 90 days after the date of arraignment. The facts are as follows. Freeman was arraigned on November 19, 1986. He was originally charged with two counts of indecent liberties.[1] His original trial date was February 4, 1987. On February 3, 1987, the Supreme Court granted an emergency motion for stay of the trial court proceedings.[2] On June 4, 1987, the Supreme Court lifted the stay. On June 24, 1987, the trial court assigned a new trial date of August 10, 1987. CrR 3.3(c)(1) requires that a defendant be brought to trial within 90 days of arraignment. CrR 3.3(g)(5) provides that delay resulting from a stay granted by an appellate court shall be excluded in computing the time for trial. Prior to the stay, 76 days had elapsed since arraignment. Upon lifting the stay, Freeman

---

[1]Later, before trial, but after the stay was lifted, the information was amended to include charges of one count of statutory rape in the first degree, one count of statutory rape in the second degree, and one count of indecent liberties. He was convicted of the charge of statutory rape in the second degree.

[2]Initially, the State alleged the incidents occurred sometime between June 1, 1982, and July 15, 1982. Freeman brought a motion to dismiss both counts on the basis that the 5-year statute of limitation applicable to indecent liberties had not taken effect until June 10, 1982. He contended that the former 3-year statute of limitation was in effect at the beginning of that period. If the incidents occurred before June 10, 1982, the period for filing the information expired and the charges should be dropped. The trial court denied Freeman's motion to dismiss and the trial was set for February 4, 1987. Freeman then brought on a motion for discretionary review in the State Supreme Court. On the day before trial Freeman was granted an emergency stay of trial court proceedings pending the hearing of *State v. Hodgson*, 108 Wn.2d 662, 740 P.2d 848 (1987) and other cases, including *State v. Miller*, consolidated with *Hodgson*. Those cases concern whether legislative amendments extending the statute of limitation for indecent liberties from 3 to 5 to 7 years can be applied to crimes alleged to have occurred prior to the effective dates of the amendatory statutes. Thereafter, the State was able to establish that the victim and other family members did not arrive in Washington State until after June 10, 1982. Therefore, because the alleged acts took place after the effective date of the 5-year statute of limitation, the stay for a determination of the issues in the above named cases was no longer necessary and the stay was lifted.

contends the court was required to set a trial date within the 14 days remaining of the original 90 days. Excluding the period of time for the stay, the 90th day was before the June 24 hearing date. CrR 3.3(i) requires a dismissal with prejudice of criminal charges not brought to trial within the time period required under CrR 3.3. Because the trial did not occur within the 14 days left after the stay was lifted, Freeman contends his right to a speedy trial was violated.

The State counters Freeman's contentions with three arguments. First, Freeman waived any objection to the trial date by "choosing" August 10, 1987, for a trial date and acknowledging the expiration date to be September 1, 1987. The State cites *State v. Christofferson,* 28 Wn. App. 696, 626 P.2d 36, *review denied,* 95 Wn.2d 1033 (1981), for the position set out above. In the *Christofferson* case, however, the statement/order signed included the phrasing that the defendant and his counsel had "'no information to contrary that the expiration date . . . is the correct computation of time under Criminal Rule 3.3. . . .'" *Christofferson,* at 699. Here, the order setting trial date signed on June 24, 1987, contained no such language. In fact it contained *other* specific language: "I further understand that failure to object to the date set for trial within 10 days of today will waive any objection that the above date is in violation of CrR 3.3." Clerk's Papers, at 143. Freeman's objection and motion to dismiss came within the 10 days. The State's position that Freeman waived his objection by signing the order setting trial date is not correct.

The State's second argument cites *State v. Greene,* 49 Wn. App. 49, 742 P.2d 152 (1987), and contends that Freeman's request for a continuance, which occurred after the State moved to set the matter on for trial, constitutes a waiver of his rights to a speedy trial. The basic guidelines for waiver of CrR 3.3 time for trial limits were set forth by the Supreme Court in *State v. Williams,* 87 Wn.2d 916, 557 P.2d 1311 (1976). The guidelines are stringent and consequently the courts have refused to imply a waiver except in

two instances. One of those instances is where the defendant requests a continuance. *See, e.g., State v. Colbert,* 17 Wn. App. 658, 564 P.2d 1182, *review denied,* 89 Wn.2d 1010 (1977). In this case, the continuance was requested and granted *after* the trial court denied Freeman's motion for dismissal because of a speedy trial violation. Under these circumstances Freeman's request for a continuance cannot be considered a waiver of CrR 3.3 rights.

■ Finally, the State contends that Freeman's right to a speedy trial was not violated since the State had an *additional* 90–day period to try Freeman after the stay was lifted. While we are sympathetic to the State's position, we cannot agree. The State's argument is based on CrR 3.3(d)(4) and a comment thereto.[3] When we take the comment into account and compare it to former CrR 3.3(d)(4)

---

[3]The comment cited in the State's brief has no citation of authority and we have been unable to find its source. We have, however, taken it at face value. Unfortunately, because CrR 3.3(g)(5) is unambiguous, a resort to the comment to amended CrR 3.3(d)(4), put forth by the State, is not necessary as a matter of construction. The comment as reported by the State in its brief reads as follows:

The amendment to CrR 3.3(d)(4) was requested by Mr. Seth Dawson, Snohomish County Prosecuting Attorney and Chair of the Washington Association of Prosecuting Attorneys Judicial Rules Committee. In support of the suggestion, Mr. Dawson stated that present CrR 3.3(d)(4) explicitly addresses only the situation in which an appellate court orders a new trial. In this circumstance, CrR 3.3(d)(4) provides that the 60–day or 90–day time for trial periods begin again, measured from the defendant's next appearance in superior court after the clerk's receipt of the appellate court mandate. Mr. Dawson stated that the time during which an appeal is pending is an excluded period under CrR 3.3(g)(5), but that the time for trial period arguably does not restart if the appellate court does anything other than order a new trial. Therefore, if an appealable order is entered late in the time for trial period, the State may have very little time to reschedule the new trial after the appellate court action.

Mr. Dawson's suggested revision is intended explicitly to state that the 60–day or 90–day time for trial periods *begin again in other situations in which trial will be necessary after an appeal.* As examples of such situations, Mr. Dawson listed: (1) successful state appeals of orders of dismissal or of orders suppressing evidence; (2) unsuccessful state appeals of orders granting new trials; and (3) trials following discretionary review on motion of either party. . . .

(Italics ours.) Brief of Respondent, at 7. Although the policy argument is reasonably convincing, the drafters of the criminal rules did not see fit to repeal, replace

and the rule as amended,[4] we come to the conclusion that the State's position is incorrect. Unfortunately, all possible situations creating speedy trial time period dilemmas for prosecutors were not changed by the amendment of CrR 3.3(d)(4). After amendment, section (g)(5) was retained and clearly applies to this case.[5] This is not a case where review was granted by the Supreme Court, reversed and remanded for retrial. The only time period properly excluded was the period of the stay as set forth in CrR 3.3(g)(5). Once proved that it was no longer necessary to wait for the decisions in the *Miller* and *Hodgson* cases, the stay was lifted. The State then had 14 days in which to bring Freeman to trial, or to get a waiver or a continuance. Because it did not, a violation of the speedy trial rule ensued.

Freeman's right to a speedy trial was violated and therefore we order the judgment reversed with directions to dismiss the information. Because of our disposition of this

or amend CrR 3.3(g)(5) at the same time, or at any time since. Therefore we are constrained to follow the specific provision of the rule with regard to a stay that has been lifted.

[4]The amendment to CrR 3.3(d)(4) became effective September 1, 1986.

[5]The construction of court rules is governed by the principles of statutory construction. *State v. Hutchinson*, 111 Wn.2d 872, 877, 766 P.2d 447 (1989); *State v. Baxter*, 45 Wn. App. 533, 540, 726 P.2d 1247 (1986). We begin with the principle that, while the Supreme Court is the author of the rule, it and we approach such a rule and interpret the meaning sought to be conveyed by the rule as though it had been drafted by the Legislature and give the words contained in the rule their ordinary meaning. Further, the language in a court rule is read as a whole, and effect should be given to all of the language used. *State v. Newton*, 109 Wn.2d 69, 79, 743 P.2d 254 (1987); *Heinemann v. Whitman Cy.*, 105 Wn.2d 796, 802, 718 P.2d 789 (1986). Additionally, language which is clear and unambiguous does not require or permit any construction. *Hutchinson*, at 877; *State v. McIntyre*, 92 Wn.2d 620, 622, 600 P.2d 1009 (1979). Where there is no ambiguity in a rule there is nothing for this court to interpret. *Hutchinson*, at 877. In the case at bar, the language of CrR 3.3(g)(5) is clear and unambiguous.

CrR 3.3(g) reads in pertinent part:

**Excluded Periods.** The following periods shall be excluded in computing the time for arraignment and the time for trial:

. . .

(5) Delay resulting from a stay granted by an appellate court;

case a discussion of Freeman's other assignments of error is not necessary.

SCHOLFIELD and WEBSTER, JJ., concur.