[No. 12972–8–II. Division Two. November 29, 1990.]

THE STATE OF WASHINGTON, *Respondent,* v. RICHARD THOMAS HORN, *Appellant.*

*Edward L. Dunkerly* and *Ihringer & Dunkerly,* for appellant.

*Arthur D. Curtis, Prosecuting Attorney,* and *James E. David, Deputy,* for respondent.

PETRICH, A.C.J.—In this appeal from convictions of statutory rape in the first degree[1] and indecent liberties[2] committed against his stepdaughter, Richard Horn claims that the trial court made numerous evidentiary errors and he claims ineffective assistance of counsel, based on his counsel's failure to properly preserve error for review and actions or inactions of counsel which improperly prejudiced his case. In addition, he raises an issue never presented to the trial court, namely, that the running of the statute of limitations was an absolute bar to these criminal proceedings. We affirm.

The State's evidence included the victim's testimony and the defendant's oral and written admissions to his wife, Mayblene Horn, the victim, and Donna Secord. Horn wrote three letters, two of which were admitted at trial, expressing his sorrow for his actions and his hope to mend the family.

### STATUTE OF LIMITATIONS

Horn argues that his convictions were barred by the statute of limitations. Arguably, the statute of limitations cannot be raised as an issue for the first time on appeal in a criminal case. Nevertheless, we address Horn's argument, which turns on the legislative changes to the sex offender statutes in 1988. Before 1988, a 7–year period of limitations applied to both offenses.

> Prosecutions . . . may be commenced . . . for violations of RCW 9A.44.070, 9A.44.080, and 9A.44.100(1)(b), within seven years after their commission; . . ..

Laws of 1986, ch. 85, § 1.

In 1988, the Legislature reenacted and amended the statutes. *See* Laws of 1988, ch. 145, § 14. In so doing, they eliminated that portion of RCW 9A.04.080 that specifically applied a 7–year limitation period to the crimes of which Horn was convicted. In 1989, the Legislature again passed a

---

[1]Former RCW 9A.44.070(1).

[2]RCW 9A.44.100(1)(b).

law that specifically included the pertinent offenses within the 7–year statutory period. *See* Laws of 1989, ch. 317, § 3(1)(c).

Horn claims that in 1988 when he was charged, his crimes, because not then enumerated, fell into the 3–year residuary clause: "(g) No other felony may be prosecuted more than three years after its commission." Laws of 1988, ch. 145, § 14; and, therefore, he asserts that his convictions were barred at that time. Once the State is statutorily barred, it is barred forever. *State v. Hodgson,* 108 Wn.2d 662, 667–68, 740 P.2d 848 (1987), *cert. denied sub nom. Fied v. Washington,* 485 U.S. 938, 99 L. Ed. 2d 277, 108 S. Ct. 1117 (1988). Count 1 was based on a 1984 occurrence, count 2 was based on events that occurred in either 1985 or the spring of 1986. In 1989, the Legislature clarified its position:

> The legislature further finds that the enactment of chapter 145, Laws of 1988, which deleted specific reference to RCW 9A.44.070, 9A.44.080, and 9A.44.100(1)(b) from RCW 9A.04.080 and also deleted those specific referenced provisions from the laws of Washington, did not intend to change the statute of limitations governing those offenses from seven to three years.

Laws of 1989, ch. 317, § 1(2).

▮ Did the Legislature inadvertently create a window of opportunity that allowed the defendant to assert a 3–year statute of limitations? We hold that it did not. The 1988 amendments apply only to crimes committed on or after July 1, 1988, and, therefore, the prior statutory limitation period applies to Horn's conviction. The savings clause is unambiguous:

> This act shall not have the effect of terminating or in any way modifying any liability, civil, or criminal, which is already in existence on July 1, 1988, and shall apply only to offenses committed on or after July 1, 1988.

Laws of 1988, ch. 145, § 25.

Judgment and sentence affirmed.

A majority of the panel having determined that only the foregoing portion of this opinion will be printed in the Washington Appellate Reports and that the remainder

shall be filed for public record pursuant to RCW 2.06.040, it is so ordered.

WORSWICK, J., and REED, J. Pro Tem., concur.

Review denied at 116 Wn.2d 1016 (1991).