[No. 34402-1-I.   Division One.   May 6, 1996.]

THE STATE OF WASHINGTON, *Respondent*, v. JAMES G. FOSTER, *Appellant*.

*Eric J. Nielsen* and *Nielsen & Acosta*, for appellant.

*Norm Maleng, Prosecuting Attorney*, and *Deborah A. Dwyer, Deputy*, for respondent.

COLEMAN, J. — James Foster appeals his conviction on five counts of indecent liberties, primarily arguing that prosecution of these charges was barred by the statute of limitation and that he was denied effective assistance of counsel. We hold that the statute of limitation did not bar

prosecution of these offenses because the Legislature increased the limitation period applicable to indecent liberties committed against children under the age of fourteen before Foster's acts would have been time barred under the previous limitation period. We further find that any deficiencies in defense counsel's performance had no prejudicial effect on the outcome of the case. Foster also raises a multitude of issues pro se, many of which lack legal support or cannot be determined on the record. He correctly asserts that the judgment and sentence misstated the statute under which he was convicted and improperly ordered him to submit to HIV testing. Accordingly, we affirm in part and reverse in part.

Foster and Sally Jolly were married in 1971. The following year they adopted BS, who was born on September 20, 1972. Foster and Jolly dissolved their marriage in 1990. After the dissolution, BS alleged that Foster had sexually abused her as a child. On February 22, 1993, Foster was charged with three counts of indecent liberties pursuant to former RCW 9A.44.100(1)(b). The information was amended five months later to add two counts of indecent liberties and four counts of first degree incest. The five counts of indecent liberties were alleged to have occurred between May 13, 1982, and September 19, 1986, during which time BS was nine to thirteen years old. The trial court dismissed the incest charges as barred by the statute of limitation. Foster waived a jury trial, and the court found him guilty of five counts of indecent liberties.

We first address Foster's contention that he was not charged within the statutory limitation period. The Legislature has extended the statute of limitation for sexual crimes committed against children several times in the past fifteen years because "experience had shown that due to fear, lack of understanding or manipulation of the victim by the offender, victims of child abuse sometimes did not report it within the shorter limitation periods." *State v. Hodgson*, 108 Wn.2d 662, 666, 740 P.2d 848 (1987)

(footnote omitted) (citing *Final Legislative Report*, 47th Legislature (1982), at 154 (SSB 4461); House Bill Report, 47th Legislature (1982) (SSB 4461); *Final Legislative Report*, 49th Legislature (1985), at 273 (SB 3393)), *cert. denied*, 485 U.S. 938 (1988). Originally, sexual crimes against children came within the general three-year felony statute of limitation. The limitation period pertaining to these crimes was increased to five years in 1982 and further extended to seven years in 1985. *Hodgson*, 108 Wn.2d at 665-66. Each of these legislative extensions of the limitation period applied to all crimes not already time barred by the former limitation period on the date the amendments became effective. *Hodgson*, 108 Wn.2d at 666-67.

Thus, during the years for which Foster was charged, the statute of limitation applicable to sexual crimes committed against children was seven years from commission of the crime. Former RCW 9A.04.080(1986) provided:

> Prosecutions . . . may be commenced . . . for violations of RCW 9A.44.070 [first degree statutory rape], 9A.44.080 [second degree statutory rape], and *9A.44.100(1)(b)*, within seven years after their commission[.]

(Emphasis added.) LAWS OF 1986, ch. 85, § 1 (increasing limitation period from five to seven years); former RCW 9A.04.080 (1986). During the charging period, the referenced statute under which Foster was charged, former RCW 9A.44.100(1)(b), provided:

> A person is guilty of indecent liberties when he knowingly causes another person who is not his spouse to have sexual contact with him or another:
>
> . . . .
>
> (b) When the other person is less than fourteen years of age[.]

The Legislature rewrote this statute in 1988. The criminal act of sexual contact with minors was removed from the indecent liberties statute and recodified as first and second

degree child molestation in RCW 9A.44.083 and -.086.[1] LAWS OF 1988, ch. 145, §§ 5, 6, 10. RCW 9A.44.100(1)(b) no longer addressed sexual contact with minors. That subsection of the indecent liberties statute was amended to cover sexual contact

> (b) When the other person is incapable of consent by reason of being mentally defective, mentally incapacitated, or physically helpless[.]

LAWS OF 1988, ch. 145, § 10; former RCW 9A.44.100(1)(b) (1989).

When the Legislature recodified the crime of sexual contact with children under the age of fourteen in 1988, it also amended the applicable statute of limitation. The statute of limitation no longer mentioned RCW 9A.44.100(1)(b) and referred instead to the newly created statutes—first and second degree child molestation. In 1989, the Legislature enacted further amendments to the limitation statute, making two changes pertinent here. The 1989 amendments restored the reference to the former indecent liberties statute and increased the limitation period, effective May 11, 1989. LAWS OF 1989, ch. 317, § 3. After these amendments, the statute of limitation provided:

> Violations of the following statutes shall not be prosecuted more than three years after the victim's eighteenth birthday or more than seven years after their commission, whichever is later: RCW 9A.44.073, 9A.44.076, 9A.44.083, 9A.44.086, 9A.44.070, 9A.44.080, or *9A.44.100(1)(b)*[.]

RCW 9A.04.080(1)(c) (emphasis added). Under *Hodgson*, the extended limitation period applies to all crimes not already time barred by the previous limitation period on the date the extension took effect.

---

[1]Child molestation in the first degree encompassed "sexual contact with another who is less than twelve years old and not married to the perpetrator and the perpetrator is at least thirty-six months older than the victim." Former RCW 9A.44.083(1). Child molestation in the second degree was defined as "sexual contact with another who is at least twelve years old but less than fourteen years old and not married to the perpetrator and the perpetrator is at least thirty-six months older than the victim." Former RCW 9A.44.086(1).

In *State v. Horn*, 59 Wn. App. 664, 801 P.2d 245 (1990), *review denied*, 116 Wn.2d 1016 (1991), the defendant was charged in 1988 with having committed statutory rape in the first degree and indecent liberties for events that allegedly occurred from 1984 through 1986. Horn argued that by eliminating RCW 9A.44.100(1)(b) from the statute of limitation in the 1988 amendments, the Legislature intended the 3-year default limitation period to apply to indecent liberties committed against children under former RCW 9A.44.100(1)(b). The court rejected this argument, relying in part on the Legislature's explanation that omission of RCW 9A.44.100(1)(b) from the statute of limitation in 1988 had been inadvertent.

> The legislature further finds that the enactment of chapter 145, Laws of 1988, which deleted specific reference to RCW 9A.44.070, 9A.44.080, and 9A.44.100(1)(b) from RCW 9A.04.080 and also deleted those specific referenced provisions from the laws of Washington, did not intend to change the statute of limitations governing those offenses from seven to three years.

*Horn*, 59 Wn. App. at 666 (quoting Laws of 1989, ch. 317, § 1(2)).

Foster does not contend that his actions were time barred when the 1989 amendments extended the statute of limitations. Instead, Foster asserts by inserting RCW 9A.44.100(1)(b) into the statute of limitation in 1989, the Legislature was referring to the current version of the statute, as it was amended in 1988 to criminalize sexual contact with those incapable of consenting due to mental or physical defect. He argues that the Legislature did not increase the limitation period in 1989 for actions criminalized by RCW 9A.44.100(1)(b) prior to its amendment in 1988, when it addressed indecent liberties taken with children under fourteen.

■ We hold that the current statute of limitation applies to RCW 9A.44.100(1)(b) as it read before its amendment in 1988. We do not agree with Foster that the limita-

tion statute plainly and unambiguously refers to the current version of RCW 9A.44.100(1)(b). Looking to the limitation statute as a whole and to legislative history, it is clear that the Legislature intended to extend the statute of limitations in 1989 for crimes of sexual abuse committed against children. In explaining the intended scope of the 1989 increase in the limitation period, the Legislature stated that the increase applied to former RCW 9A.44.100(1)(b).

> The statute of limitation is seven years after the act or three years after the victim turns 18, which ever is later, for the following crimes: Rape of a Child in the first and second degree, Child Molestation in the first and second degree, Statutory Rape in the first and second degree, *and, when the victim is under 14*, Rape in the first and second degree, Incest and *Indecent Liberties.*

House Bill Report, 51st Legislature (1989), at 2 (SB 5950) (emphasis added). The former version of RCW 9A.44.100(1)(b) proscribed indecent liberties taken with children under the age of fourteen. The current version does not address sexual abuse of children. By including RCW 9A.44.100(1)(b) in the category of crimes to which the expanded limitation period applied—sexual crimes against children—the Legislature was necessarily referring to the statute as it was worded prior to its amendment in 1988.

The 1989 extension of the statute of limitation to the longer of seven years from commission of the crime or three years after the victim's eighteenth birthday applies to indecent liberties committed against children under the age of fourteen as criminalized by former RCW 9A.44.100(1)(b) prior to 1988. Prosecution of Foster's offenses was not barred by the statute of limitations.

■ We next address errors in the judgment and sentence pointed out by Foster in his pro se brief. Foster correctly asserts, and the State concedes, that he was ordered to undergo HIV testing in error because the mandatory test-

ing statute does not encompass his crimes. RCW 70.24.340 authorizes the court to order all persons convicted of a sexual offense to submit to an HIV test, but the statute specifically limits its application to offenses committed after March 23, 1988. Foster also notes that the judgment and sentence misstated the statute under which he was convicted. Foster was charged under RCW 9A.44.100(1)(b), indecent liberties with a child under fourteen. The evidence at trial and the trial court's oral ruling indicate that he was found guilty under this subsection. The judgment and sentence, however, cite RCW 9A.44.100(1)(A),[2] indecent liberties by forcible compulsion. This is merely a clerical error which is correctable on remand.

The judgment and sentence are remanded for correction of clerical error, and the order for HIV testing is vacated. The judgment and sentence are affirmed in all other respects.

The remainder of this opinion has no precedential value. Therefore, it will be filed for public record in accordance with the rules governing unpublished opinions.

AGID and Cox, JJ., concur.

Review denied at 130 Wn.2d 1009 (1996).

---

[2]This citation presumably refers to RCW 9A.44.100(1)(a).