[No. 35423-3-II. Division Two. January 23, 2008.]

THE STATE OF WASHINGTON, *Respondent*, v. JOHN KEVIN McNEAL, *Appellant*.

*Peter B. Tiller* (of *The Tiller Law Firm*), for appellant.

*Jeremy R. Randolph*, *Prosecuting Attorney*, and *Lori E. Smith*, *Deputy*, for respondent.

¶1 Hunt, J. — John Kevin McNeal appeals his resentencing on remand for vehicular assault, vehicular homicide, and possession of a controlled substance with intent to deliver.[1] He argues that the resentencing court erred when

[1] McNeal was resentenced after we granted him relief in a collateral attack and vacated his original 1997 sentences.

it (1) applied RCW 69.50.408, which allowed it "to double"[2] the statutory maximum for his drug offense; (2) concluded that *Blakely v. Washington*, 542 U.S. 296, 301, 124 S. Ct. 2531, 159 L. Ed. 2d 403 (2004), did not apply on remand; and (3) imposed exceptional sentences based on judicial factual findings rather than on factual findings by a jury. He asks us to order the trial court to resentence him again, this time within the standard ranges for his convicted offenses.

¶2 The State concedes that the trial court erred when it determined that *Blakely* did not apply on remand and when it, rather than a jury, made the factual findings supporting McNeal's exceptional sentences. But the State argues that (1) the sentencing court properly applied the "doubling provision" of RCW 69.50.408 and (2) the legislature's 2007 amendments to RCW 9.94A.537, effective April 27, 2007, authorized the trial court to empanel a sentencing jury to determine if any aggravating factors exist.

¶3 We hold the trial court did not err when it applied the "doubling provision," which required that the trial court find only the fact of a prior conviction. But, unlike the facts in our recent decision in *State v. Kilgore*, 141 Wn. App. 817, 172 P.3d 373 (2007), filed November 27, 2007, our prior remand order here *vacated* McNeal's original sentence and remanded expressly for resentencing. Thus, we accept the State's concession of error on the *Blakely* issue and hold that the trial court erred in failing to apply *Blakely* at resentencing and in making factual findings to support the exceptional sentences. Accordingly, we vacate McNeal's sentence, and we remand again for resentencing under *Blakely*. Under the 2007 amendments to RCW 9.94A.537, the trial court may empanel a jury to make the necessary factual findings to support any potential exceptional sentence.

---

[2] *See infra* note 15.

## FACTS

### I. Background

¶4 On July 5, 1996, John McNeal caused a head-on accident that killed the passenger and injured the driver of the other car. *State v. McNeal*, 98 Wn. App. 585, 588-89, 991 P.2d 649 (1999), *aff'd*, 145 Wn.2d 352, 37 P.3d 280 (2002). Police officers found drugs, drug paraphernalia, and a large amount of cash on McNeal's person and among his belongings. *McNeal*, 98 Wn. App. at 589. A jury convicted McNeal of vehicular homicide, vehicular assault, and possession of a controlled substance with intent to deliver. *McNeal*, 98 Wn. App. at 590.

¶5 The sentencing court (1) imposed high-end standard range sentences of 116 months for the vehicular homicide and 84 months for the vehicular assault, (2) doubled the statutory maximum for the drug conviction under RCW 69.50.408[3] and imposed an exceptional 240-month sentence on that count,[4] and (3) imposed an exceptional sentence

---

[3] RCW 69.50.408 provides:

> (1) Any person convicted of a second or subsequent offense under this chapter may be imprisoned for a term up to twice the term otherwise authorized, fined an amount up to twice that otherwise authorized, or both.
>
> (2) For purposes of this section, an offense is considered a second or subsequent offense, if, prior to his or her conviction of the offense, the offender has at any time been convicted under this chapter or under any statute of the United States or of any state relating to narcotic drugs, marihuana, depressant, stimulant, or hallucinogenic drugs.
>
> (3) This section does not apply to offenses under RCW 69.50.4013.

The legislature amended this statute in 2003, but these amendments are not relevant to this appeal. *See* Laws of 2003, ch. 53, § 341.

[4] The standard range for the drug conviction was 108-144 months. Former RCW 9.94A.310 (1996).

under former RCW 9.94A.400(1)(a) (1996)[5] by running the sentences consecutively.[6]

A. First Direct Appeal

¶6 McNeal appealed his vehicular assault and vehicular homicide convictions and exceptional sentences. *McNeal*, 98 Wn. App. at 588, 597-600. We affirmed. *McNeal*, 98 Wn. App. at 600. Our Supreme Court affirmed McNeal's convictions, but it did not address any sentencing issues. *State v. McNeal*, 145 Wn.2d 352, 356, 363-37, 37 P.3d 280 (2002). The case was mandated on January 30, 2002.

B. Personal Restraint Petition

¶7 In September 2005, McNeal filed a personal restraint petition (PRP). In October 2005, he filed a supplemental brief raising several additional issues, including whether he had proper notice of the doubling statute, whether his offender score had been properly calculated, and whether the trial court lacked the authority to impose an exceptional sentence.

¶8 On June 9, 2006, we granted relief on McNeal's original petition. We ruled that although his drug offense

---

[5] The current version of former RCW 9.94A.400(1)(a) is now codified as RCW 9.94A.589(1)(a), which provides:

> Except as provided in (b) or (c) of this subsection, whenever a person is to be sentenced for two or more current offenses, the sentence range for each current offense shall be determined by using all other current and prior convictions as if they were prior convictions for the purpose of the offender score: PROVIDED, That if the court enters a finding that some or all of the current offenses encompass the same criminal conduct then those current offenses shall be counted as one crime. *Sentences imposed under this subsection shall be served concurrently. Consecutive sentences may only be imposed under the exceptional sentence provisions of RCW 9.94A.535.* "Same criminal conduct," as used in this subsection, means two or more crimes that require the same criminal intent, are committed at the same time and place, and involve the same victim. This definition applies in cases involving vehicular assault or vehicular homicide even if the victims occupied the same vehicle.

(Emphasis added.)

[6] The resulting term of total confinement was 440 months.

sentence was within the statutory maximum of 240 months, the additional 12 months of community placement resulted in a sentence that exceeded the statutory maximum. Thus, we "vacated" and remanded McNeal's sentence for his drug conviction; we left his sentences for the other counts intact.

¶9 Although we did not consider McNeal's supplemental briefing, we noted:

> Because petitioner needs to be resentenced and because the sentencing court is in a better position to consider these issues on the merits as they may affect the ultimate sentence imposed, petitioner may raise them below.

Clerk's Papers (CP) at 80 (Order Granting Pet. at 2 (No. 33894-7-II)).[7]

## II. Resentencing on Remand

¶10 At the September 29, 2006 resentencing hearing on remand, the trial court addressed both the excessive sentence and the issues McNeal had raised in his supplemental PRP brief. The trial court ruled that (1) RCW 69.50.408 did not create a sentencing enhancement and, therefore, did not have to be set forth in the charging information; (2) because McNeal did not plead guilty, he was not entitled to notice of the doubling aspect of RCW 69.50.408; (3) *Blakely* did not apply because McNeal's case was final before the Supreme Court issued *Blakely* in 2004; and (4) one of McNeal's prior convictions had "washed out"[8] of his offender score, resulting in new offender scores of 10 for the vehicular homicide and vehicular assault and 14 for the drug offense.

---

[7] McNeal also filed a petition with the Washington State Supreme Court raising the same issues that he raised in his October 2005 supplemental brief that he filed with us. The Supreme Court transferred this petition to us. We dismissed this transferred petition because McNeal had other adequate remedies, namely, as we had previously advised, raising these issues at resentencing.

[8] *See* former RCW 9.94A.360(2) (1995), now codified at RCW 9.94A.525(2).

¶11 The trial court also adopted the previous court's findings of fact and conclusions of law supporting the exceptional sentences, which it reimposed, including running the sentences consecutively.[9]

¶12 McNeal appeals his resentencing. Because McNeal raised a new issue in his reply brief, we allowed the State to file a responsive brief to address this new issue.

## ANALYSIS

### I. Doubling Provision

¶13 McNeal first argues that the trial court violated his due process right to notice under article I, section 22 of the Washington State Constitution and the Sixth Amendment to the federal constitution, as interpreted under *Apprendi v. New Jersey*, 530 U.S. 466, 490, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000) and *Blakely*,[10] because the State's charging information failed to "allege the existence of the condition precedent to the application" of the RCW 69.50.408(1) sentencing-doubling provision, namely, his prior qualifying drug offenses.[11] We disagree.

¶14 The charging document need include only the essential elements of the charged crime. *State v. Goodman*, 150

---

[9] The court sentenced McNeal to 116 months for the vehicular homicide, 84 months for the vehicular assault, and 228 months for the drug charge, to run consecutively, for a total sentence of 428 months' confinement.

[10] In *Apprendi*, the Supreme Court held that, under the Fourteenth Amendment to the United States Constitution, "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." 530 U.S. at 490. In *Blakely*, the Supreme Court held that Washington's sentencing procedures, which permitted the trial court to enhance a defendant's sentence based on information the State had not proved to a jury beyond a reasonable doubt, violated a defendant's Sixth Amendment right to a jury trial. 542 U.S. at 305. *Blakely* clarified that the relevant "statutory maximum" for *Apprendi* purposes was "the maximum sentence a judge may impose solely on the basis of the facts reflected in the jury verdict or admitted by the defendant," "not the maximum sentence a judge may impose after finding additional facts." 542 U.S. at 303-04 (emphasis omitted) (citations omitted).

[11] McNeal does not argue that article I, section 22 of the Washington State Constitution provides greater protection than the Sixth Amendment. Accordingly, we do not address these provisions separately.

Wn.2d 774, 784, 83 P.3d 410 (2004); *State v. Kjorsvik*, 117 Wn.2d 93, 101, 812 P.2d 86 (1991). Both *Apprendi* and *Blakely* provided,

> "*Other than the fact of a prior conviction*, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt."

*Blakely*, 542 U.S. at 301 (emphasis added) (quoting *Apprendi*, 530 U.S. at 490). Accordingly, neither *Apprendi* nor *Blakely* required the State to allege prior convictions used to support and increase McNeal's penalty. Nor did these cases preclude the trial court from finding that the prior convictions existed. Thus, McNeal's argument fails.

¶15 We hold, therefore, that the lack of a "doubling provision" related allegation in the information did not violate McNeal's due process right to notice of the charges against him.

II. Applicability of *Blakely* on Remand

¶16 McNeal next argues that the sentencing court erred when it ruled that *Blakely* did not apply on resentencing. The State concedes that this was error, and we agree.

¶17 In *In re Personal Restraint of Skylstad*, our Supreme Court recently explained that a conviction is "final" for PRP time-bar purposes only if *both* the conviction and the sentence are final. 160 Wn.2d 944, 949-50, 162 P.3d 413 (2007).[12] Once we vacated McNeal's original sentence,

---

[12] (Quoting *Flynt v. Ohio*, 451 U.S. 619, 620, 101 S. Ct. 1958, 68 L. Ed. 2d 489 (1981) (addressing finality in context of appealability); *State v. Taylor*, 150 Wn.2d 599, 601-02, 80 P.3d 605 (2003) (addressing finality in the context of appealability)); *see also State v. Harrison*, 148 Wn.2d 550, 561-62, 61 P.3d 1104 (2003) (addressing finality in the context of collateral estoppel/issue preclusion); *State v. Siglea*, 196 Wash. 283, 286, 82 P.2d 583 (1938) (addressing finality in the context of appealability).

there was no longer a final sentence,[13] the case was no longer final, and the trial court, therefore, erred when it found that *Blakely* did not apply to McNeal's resentencing on remand.[14]

## III. Aggravating Factors

¶18 Having held that *Blakely* applied to McNeal's resentencing, we next determine whether the trial court properly imposed an exceptional sentence above the standard range for McNeal's drug conviction, his second such

---

[13] The State does not dispute that we vacated McNeal's original sentence when we granted him collateral relief or that the resentencing on remand was an entirely new sentencing proceeding.

We note that had we simply remanded this case for amendment of the judgment and sentence, our analysis would likely be different. *See, e.g.,* our recent decision in *Kilgore,* 141 Wn. App. 817, in which we did not vacate the original pre-*Blakely* judgment and sentence on Kilgore's first appeal; rather, we reversed two convictions, affirmed five convictions, and remanded "for further proceedings." Kilgore's first appeal mandated before *Blakely.* On remand, the State elected not to retry Kilgore on the two reversed counts; the trial court corrected the original judgment to delete the reversed counts, did not resentence Kilgore on the affirmed counts, and left intact the original judgment and sentence for these affirmed counts. In a split decision on Kilgore's second appeal, following our remand, we rejected his argument that the trial court was required to apply *Blakely* and to impose a standard range sentence on remand. We held that because the trial court did not exercise its discretion to resentence Kilgore on remand, *Blakely* did not apply and, therefore, the original pre-*Blakely* exceptional sentences from several years earlier remained intact.

[14] In contrast, see *State v. Evans,* in which our Supreme Court held that "neither *Apprendi* nor *Blakely* applies retroactively on collateral review to convictions that were final when *Blakely* was announced." 154 Wn.2d 438, 442, 114 P.3d 627, *cert. denied,* 546 U.S. 983 (2005). Here, McNeal's direct appeal mandated in 2002, and the case was final when the Supreme Court issued *Blakely* in June 2004. Thus, had we addressed McNeal's *Blakely* argument on collateral review, *Evans* would have dictated that *Blakely* did not apply.

But the question here is not whether McNeal was entitled to relief under *Blakely* on collateral review but, rather, whether *Blakely* applied at the resentencing following our order *vacating* the previous sentence and remanding to the trial court. In *Evans,* two defendants sought collateral review of their original sentences based on *Blakely* after their cases were final. Because neither defendant's sentence had been vacated, the *Evans* court did not address whether *Blakely* applied at resentencing in cases in which the original sentence had been vacated. *Evans,* 154 Wn.2d at 443.

offense,[15] and exceptional consecutive sentences under RCW 9.94A.589(1)(a). We hold that the trial court erred.

¶19 In *In re Personal Restraint of VanDelft*, our Supreme Court held that a jury, rather than the sentencing court, must find the exceptional sentencing factors supporting the imposition of consecutive sentences under RCW 9.94A-.589(1)(a). 158 Wn.2d 731, 743-44, 147 P.3d 573 (2006), *cert. denied*, 127 S. Ct. 2876 (2007). Additionally, under *State v. Ose*, 156 Wn.2d 140, 149, 124 P.3d 635 (2005), and *State v. Hughes*, 154 Wn.2d 118, 133-37, 110 P.3d 192 (2005), *overruled on other grounds by Washington v. Recuenco*, 548 U.S. 212, 126 S. Ct. 2546, 165 L. Ed. 2d 466 (2006), a jury must find facts supporting an exceptional sentence beyond the standard range. On remand, a specially-empanelled jury can consider such facts, including those the trial court used to justify the exceptional sentence for McNeal's current drug offense.[16]

---

[15] The doubling provision of RCW 69.50.408(1) allowed the trial court to double the *statutory maximum* for McNeal's second drug offense, but it did not allow the trial court to double the *standard range* for that offense. *In re Pers. Restraint of Cruz*, 157 Wn.2d 83, 90, 134 P.3d 1166 (2006). Although the trial court's sentence for McNeal's drug offense was within the statutory maximum under the doubling provision, this sentence was clearly above the standard range and, as with the consecutive sentences, it was, therefore, also an exceptional sentence subject to *Blakely*.

[16] The trial court filed written findings of fact and conclusions of law supporting the exceptional sentences, concluding

> 2.1 [t]here is a basis for an exceptional sentence as to each count, pursuant to [former] RCW 9.94A.390(2)(i) [(1996)], because a presumptive sentence would, by operation of the multiple offense policy, be clearly too lenient in light of the purpose of the Sentencing Reform Act [of 1981, chapter 9.94A RCW].
>
> 2.2 Pursuant to *State v. Stephens*, 116 Wn.2d 238, 243, 803 P.2d 319 (1991), an exceptional sentence is justified as to each count, based on defendant's high offender score coupled with multiple current convictions, which is a basis for an exceptional sentence.
>
> 2.3 As to [the vehicular assault and vehicular homicide], the defendant's high offender score combined with multiple current offenses is such that a standard sentence would result in crimes for which there is no additional penalty, which is a basis for an exceptional sentence, pursuant to *State v. Stephens, supra*.
>
> 2.4 The defendant's criminal history includes three prior drug offenses, as defined by 9.94A.030(18), and 4 other [violation of the Uniform Controlled Substances Act, chapter 69.50 RCW] convictions. The number of these, combined with the time frame--i.e., 6 controlled substance felony convictions (4 possession and 2 "drug offenses" in less than 6 years)--and the defendant's

¶20 Because *Blakely* applied to McNeal's resentencing proceedings, we hold that the trial court erred when it, rather than a jury, made the factual determinations required to impose the exceptional sentences.[17] Accordingly, we again vacate McNeal's sentences and remand for resentencing.[18]

IV. Procedure on Remand

¶21 We next address the relief to which McNeal is entitled on this second remand for resentencing. The State argues that the legislature's 2007 amendments to RCW 9.94A.537 give the sentencing court authority to empanel a sentencing jury on remand to determine whether there are any aggravating factors to support an exceptional sentence. Br. of Resp't at 2 (citing Laws of 2005, ch. 68, § 4; Laws of 2007, ch. 205).

¶22 McNeal replies[19] that on remand the trial court is required to impose standard range sentences for each offense and cannot empanel a jury to consider the aggravating factors because (1) under RCW 9.94A.345, he is

> prior felony history clearly demonstrate a basis for an exceptional sentence on Count III. This is based upon the purposes set forth in 9.94A.010. Specifically, an exceptional sentence is appropriate on Count III in order to ensure that the punishment for a criminal offense is proportionate to the seriousness of the offense and the offender's criminal history; promote respect for the law by providing punishment which is just; and protect the public.

CP at 125-26.

[17] We heartily agree with the dissent that we should construe legislation to avoid absurd results. Nonetheless, contrary to the dissent's implied suggestion, we can neither overrule nor disregard a controlling state Supreme Court case, such as *Cruz*. The power to correct any resulting anomaly lies with the higher courts, not with us.

[18] Although the United States Supreme Court has held that *Blakely* error is subject to harmless error analysis, *Recuenco*, 548 U.S. at 221-22, the State does not argue that harmless error applies here. Accordingly, we did not address harmless error.

[19] McNeal raises this new issue in his reply brief. Although we do not ordinarily consider arguments raised for the first time in a reply brief, *see State v. White*, 123 Wn. App. 106, 115 n.1, 97 P.3d 34 (2004) (citing *Cowiche Canyon Conservancy v. Bosley*, 118 Wn.2d 801, 809, 828 P.2d 549 (1992)), we do so here because McNeal filed his opening brief well before the legislature adopted the 2007 amendments; thus, he could not have addressed them in his opening brief.

entitled to resentencing under the laws in effect at the time he committed the current offenses, which did not allow juries to make findings supporting exceptional sentences; (2) RCW 10.01.040, the "savings clause," precludes the application of the 2007 amendments; (3) application of the 2007 amendments would constitute an unlawful retroactive application of substantive amendments; and (4) application of the 2007 amendments would violate the prohibition against ex post facto laws. McNeal's arguments fail.

A. 2005 "*Blakely* Fix" and *Pillatos*

¶23 In 2005, in response to *Blakely*, the legislature enacted RCW 9.94A.537, creating new procedures to allow sentencing courts to empanel juries to make the factual findings necessary to impose exceptional sentences; the effective date of the 2005 legislation was April 15, 2005. *State v. Pillatos*, 159 Wn.2d 459, 468, 150 P.3d 1130 (2007) (citing LAWS OF 2005, ch. 68). This legislation is commonly referred to as the "*Blakely* fix" legislation.

¶24 Subsequently, in *Pillatos*, our Supreme Court held that the plain language of RCW 9.94A.537 allowed the "*Blakely* fix" to apply only in those cases where the trial had not started or the defendant had not entered a guilty plea before the effective date of the act. 159 Wn.2d at 470. This was the state of the law at the time of McNeal's 2006 resentencing.

B. 2007 Amendments

¶25 In 2007, in response to *Pillatos*, the legislature amended RCW 9.94A.537, stating:

> In [*Pillatos*], the Washington supreme court held that the changes made to the sentencing reform act concerning exceptional sentences in chapter 68, Laws of 2005 do not apply to cases where the trials had already begun or guilty pleas had already been entered prior to the effective date of the act on April 15, 2005. The legislature intends that the superior courts

shall have the authority to impanel juries to find aggravating circumstances in all cases that come before the courts for trial or sentencing, regardless of the date of the original trial or sentencing.

LAWS OF 2007, ch. 205, § 1. This amendment took effect on April 27, 2007. LAWS OF 2007, ch. 205, § 3.

¶26 RCW 9.94A.537 now provides,

(1) At any time prior to trial or entry of the guilty plea if substantial rights of the defendant are not prejudiced, the state may give notice that it is seeking a sentence above the standard sentencing range. The notice shall state aggravating circumstances upon which the requested sentence will be based.

(2) *In any case where an exceptional sentence above the standard range was imposed and where a new sentencing hearing is required, the superior court may impanel a jury to consider any alleged aggravating circumstances listed in RCW 9.94A.535(3), that were relied upon by the superior court in imposing the previous sentence, at the new sentencing hearing.*

(3) The facts supporting aggravating circumstances shall be proved to a jury beyond a reasonable doubt. The jury's verdict on the aggravating factor must be unanimous, and by special interrogatory. If a jury is waived, proof shall be to the court beyond a reasonable doubt, unless the defendant stipulates to the aggravating facts.

(4) Evidence regarding any facts supporting aggravating circumstances under RCW 9.94A.535(3) (a) through (y) shall be presented to the jury during the trial of the alleged crime, unless the jury has been impaneled solely for resentencing, or unless the state alleges the aggravating circumstances listed in RCW 9.94A.535(3) (e)(iv), (h)(i), (o), or (t). If one of these aggravating circumstances is alleged, the trial court may conduct a separate proceeding if the evidence supporting the aggravating fact is not part of the res gest[a]e of the charged crime, if the evidence is not otherwise admissible in trial of the charged crime, and if the court finds that the probative value of the evidence to the aggravated fact is substantially outweighed by its prejudicial effect on the jury's ability to determine guilt or innocence for the underlying crime.

(5) If the superior court conducts a separate proceeding to determine the existence of aggravating circumstances listed in

RCW 9.94A.535(3) (e)(iv), (h)(i), (o), or (t), the proceeding shall immediately follow the trial on the underlying conviction, if possible. If any person who served on the jury is unable to continue, the court shall substitute an alternate juror.

(6) If the jury finds, unanimously and beyond a reasonable doubt, one or more of the facts alleged by the state in support of an aggravated sentence, the court may sentence the offender pursuant to RCW 9.94A.535 to a term of confinement up to the maximum allowed under RCW 9A.20.021 for the underlying conviction if it finds, considering the purposes of this chapter, that the facts found are substantial and compelling reasons justifying an exceptional sentence.

(Emphasis added.)

C. Application of 2007 Amendments

¶27 The plain language of the current 2007-amended version of RCW 9.94A.537 clearly authorizes the superior court on remand to empanel a jury to make the factual findings necessary to support an exceptional sentence in this case. Accordingly, unless McNeal shows that the 2007 amendments do not apply to him or that the amendments are otherwise invalid, the trial court will have the authority to empanel a jury to make new exceptional-sentence factual determinations on remand.

1. RCW 9.94A.345

¶28 McNeal cites RCW 9.94A.345, which provides, "Any sentence imposed under this chapter shall be determined in accordance with the law in effect when the current offense was committed." He first argues that (1) he is entitled to be sentenced under the laws in effect at the time he committed the 1996 offenses and (2) because the exceptional sentencing procedures at that time were unlawful, he cannot be resentenced on remand to an exceptional sentence. This argument fails.

¶29 The *Pillatos* court has already specifically rejected this argument:

In this case, both past and present law allows for exceptional sentencing. The "law in effect when the current offense was committed," reasonably read, includes the possibility of exceptional sentences, and the change in procedure does not violate the letter or purpose of RCW 9.94A.345.

159 Wn.2d at 473.

¶30 That *Pillatos* addressed the 2005 legislation, rather than the 2007 amendments, does not alter the fact that the law in effect when McNeal committed the current offenses provided for exceptional sentences. Thus, like the defendants in *Pillatos*, McNeal has no "vested right" to a standard-range sentence, without consideration of exceptional sentencing factors. We hold, therefore, that under *Pillatos,* RCW 9.94A.537 authorizes the sentencing court to empanel a sentencing jury to consider aggravating factors to support an exceptional sentence on remand.

2. RCW 10.01.040

¶31 McNeal next argues that the "savings clause," RCW 10.01.040,[20] precludes application of the 2007 amendments to his case. This argument also fails.

¶32 Again, the *Pillatos* court has already rejected this argument, holding that RCW 10.01.040 "applies only to

---

[20] RCW 10.01.040 provides:

No offense committed and no penalty or forfeiture incurred previous to the time when any statutory provision shall be repealed, whether such repeal be express or implied, shall be affected by such repeal, unless a contrary intention is expressly declared in the repealing act, and no prosecution for any offense, or for the recovery of any penalty or forfeiture, pending at the time any statutory provision shall be repealed, whether such repeal be express or implied, shall be affected by such repeal, but the same shall proceed in all respects, as if such provision had not been repealed, unless a contrary intention is expressly declared in the repealing act. Whenever any criminal or penal statute shall be amended or repealed, all offenses committed or penalties or forfeitures incurred while it was in force shall be punished or enforced as if it were in force, notwithstanding such amendment or repeal, unless a contrary intention is expressly declared in the amendatory or repealing act, and every such amendatory or repealing statute shall be so construed as to save all criminal and penal proceedings, and proceedings to recover forfeitures, pending at the time of its enactment, unless a contrary intention is expressly declared therein.

*substantive* changes in the law, not procedural ones, like this." 159 Wn.2d at 472 (citing *State v. Hodgson*, 108 Wn.2d 662, 669-70, 740 P.2d 848 (1987), *cert. denied,* 485 U.S. 938 (1988)).

3. Presumption against Retroactive Application

¶33 McNeal further argues, "[T]here is a strong presumption against retroactive application of a statute" and, for the 2007 amendments to apply, the amended statute must apply retroactively. Again, the *Pillatos* court also rejected this argument when it considered the 2005 legislation; the court concluded that because the 2005 amendments did not create any new legal consequences, it need not address whether this legislation applied retroactively or retrospectively. 159 Wn.2d at 471.

¶34 Similarly, as we noted above, the 2007 amendments did not create new legal consequences. Therefore, following *Pillatos,* we need not address retroactive or retrospective application. McNeal's argument—that the 2007 amendment, allowing empanelling of a special sentencing jury, does not apply to his resentencing on remand—fails.

4. Ex Post Facto

¶35 Finally, McNeal argues that the 2005 legislation and the 2007 amendments violate the constitutional prohibition against ex post facto laws.[21] Again, we first note that the *Pillatos* court specifically rejected this argument. 159 Wn.2d at 474-77.

¶36 Second, for a law to violate the ex post facto clause, it must, among other things, "disadvantage[ ] the person affected by it." *State v. Schmidt*, 143 Wn.2d 658, 677, 23 P.3d 462 (2001). Here, the 2007 version of the statute merely allows a jury, rather than the court, to make factual determinations supporting exceptional sentences. This new

---

[21] U.S. Const. art. I, § 10, cl. 1; Wash. Const. art. I, § 23.

procedure does not disadvantage McNeal by increasing the punishment to which he is potentially subject beyond that which was already possible when he committed the current offenses.

¶37 Moreover, the trial court here previously imposed an exceptional sentence for McNeal. The only difference on this remand will be that before the trial court can reimpose an exceptional sentence, the jury will first have to find the necessary supporting aggravating factors. Thus, imposing any potential exceptional sentence previously justified by the supporting facts under the law in effect at the time of his original exceptional sentence does not constitute an ex post facto imposition of new law. In short, on remand, McNeal will not be exposed to an exceptional sentence greater than the potential exceptional sentence to which he was exposed originally.

¶38 On the contrary, the procedural change arguably *decreases* McNeal's risk of receiving an exceptional sentence: Under this new procedure, the jury is required to find the aggravating factors beyond a reasonable doubt. In contrast, under the previous procedure, the trial court could find these factors by a mere preponderance of the evidence. Former RCW 9.94A.370(2) (1996). Because McNeal cannot show a disadvantage flowing from this new sentencing procedure on remand, he does not establish an ex post facto violation.

## V. Conclusion

¶39 Although the trial court did not err in applying the doubling provision to McNeal's drug conviction sentence, it did err when it determined *Blakely* did not apply on resentencing following our previous remand. Accordingly, we vacate McNeal's court-imposed exceptional sentences and remand for resentencing. On remand, the sentencing court may empanel a jury, under the current version of

RCW 9.94A.537, to make the factual determinations required for imposing any exceptional sentences.

BRIDGEWATER, J., concurs.

¶40 QUINN-BRINTNALL, J. (concurring in part and dissenting in part) — I agree with the majority that the court erred in ruling that *Blakely v. Washington*, 542 U.S. 296, 301, 124 S. Ct. 2531, 159 L. Ed. 2d 403 (2004), did not apply to John Kevin McNeal's resentencing. But because I agree with this holding, I disagree with the result reached by the majority. First, I note that under *Blakely*, the term "statutory maximum" for *Apprendi*[22] purposes is "the maximum sentence a judge may impose *solely on the basis of the facts reflected in the jury verdict or admitted by the defendant.*" 542 U.S. at 303. It therefore follows that the doubling provision of former RCW 69.50.408(a) (1989) allows the trial court to double the statutory maximum (standard range) for McNeal's second drug offense. Accordingly, the trial court's sentence for McNeal's drug offense was within the statutory maximum under the doubling provision and was not an exceptional sentence based on facts, other than the fact of a prior conviction, not reflected in the jury's verdict. I am aware of our Supreme Court's contrary holding and agree with the premise, that the legislature intended to double the statutory maximum rather than the standard range. *In re Pers. Restraint of Cruz*, 157 Wn.2d 83, 90, 134 P.3d 1166 (2006). But because this definition of "statutory maximum" was expressly argued and rejected by the United States Supreme Court in *Blakely*, 542 U.S. at 303, and I cannot reconcile *Cruz* with the holding of our nation's highest court, I am compelled to apply the *Blakely* definition here.

¶41 Moreover, I note that interpreting the statute as doubling the statutory maximum of 5, 10, or 20 years renders it meaningless because, after *Blakely*, the trial

---

[22] *Apprendi v. New Jersey*, 530 U.S. 466, 490, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000).

court lacks the authority to impose a sentence beyond the standard range based solely on the jury's guilty finding of a second or subsequent drug offense. Thus, in order for former RCW 69.50.408(a) to have the intended effect of more seriously punishing recidivist drug offenders, aggravating factors other than prior drug offenses must be pleaded and proved to a jury beyond a reasonable doubt before the standard range would increase. To me this is an absurd result not compatible with legislative intent. *State v. J.P.*, 149 Wn.2d 444, 450, 69 P.3d 318 (2003); *State v. Vela*, 100 Wn.2d 636, 641, 673 P.2d 185 (1983); *State v. Gaines*, 109 Wash. 196, 200, 186 P. 257 (1919). Accordingly, I would hold that the statutory provision that "any person convicted of a second or subsequent [drug] offense . . . may be imprisoned for a term up to twice the term otherwise authorized" (former RCW 69.50.408(a)) means twice the standard range and that, under this interpretation, McNeal's sentence on the drug charge was not an exceptional one.[23]

¶42 I also agree with the majority's holding that our Supreme Court has decided that a jury, rather than the sentencing court, must find exceptional sentencing factors supporting the imposition of consecutive sentences under RCW 9.94A.589(1)(a).[24] *In re Pers. Restraint of VanDelft*, 158 Wn.2d 731, 743, 147 P.3d 573 (2006), *cert. denied*, 127 S. Ct. 2876 (2007). And that on remand a specially-empanelled jury can consider whether the facts the trial court previously used to justify the exceptional consecutive sentence have been proved beyond a reasonable doubt.

---

[23] Because McNeal does not contest that he has prior drug convictions, error, if any, in failing to allege and prove them to a jury is clearly harmless beyond a reasonable doubt. *See State v. Rudolph*, 141 Wn. App. 59, 81-82, 168 P.3d 430 (2007) (Quinn-Brintnall, J., dissenting).

[24] Formerly RCW 9.94A.400.