IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 36482-8-III |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | UNPUBLISHED OPINION |
| | ) | |
| ROBERT RAY ABBETT, | ) | |
| | ) | |
| Appellant. | ) | |

FEARING, J. — On appeal from a conviction for possession of a controlled substance with intent to deliver, Robert Abbett claims the State violated his due process rights by failing to notify him that the State might seek doubling of his maximum sentence under RCW 69.50.408(1). The statutory subsection allows doubling of the maximum sentence if the offender earlier garnered another drug conviction. We follow precedent that holds the State need not give such notice in the charging information. We thereby affirm Abbett's sentence.

FACTS

Toppenish Police Officer Joshua Rosenow stopped Robert Abbett on April 6, 2017, for speeding and an obstructed license plate. After Officer Rosenow activated his emergency lights, Abbett continued driving his truck a block and a half before stopping.

Abbett had a female passenger. Officer Rosenow walked to Abbett's car, took Abbett's driver's license, returned to his patrol vehicle, and, through his car's computer, researched Abbett's driver's license number. Rosenow's search unearthed a Marysville Municipal Court no-contact order restraining Abbett from contact with Brenda Istvan. Officer Rosenow returned to Abbett's vehicle and asked the passenger for her identification. The identification card listed Istvan.

Officer Joshua Rosenow requested law enforcement officer assistance to arrest Robert Abbett. Officer Cody Quantrell arrived within thirty seconds. Officer Rosenow opened Abbett's truck's driver side door, and Abbett promptly closed the door. Abbett attempted to shift his truck into "drive," and the engine revved. Report of Proceedings at 47. Rosenow deployed his stun gun on Abbett, but Abbett pulled the wires from the cartridge. After squirting Abbett's face with pepper spray, the two law enforcement officers removed Abbett from the truck.

During a search incident to the arrest of Robert Abbett, Officer Cody Quantrell located a firearm and an ammunition magazine in a shoulder holster that Abbett wore. Abbett could not lawfully possess a firearm due to earlier felony convictions. Officers seized Abbett's truck and later executed a search warrant on the vehicle. The officers confiscated two scales, baggies, and $690 in cash from the truck.

No. 36482-8-III
*State v. Abbett*

The Washington State Patrol Crime Laboratory tested the white substance found in the baggies and determined the substance to be methamphetamine. The Toppenish Police Department inadvertently destroyed the baggies and their contents after the crime lab returned the objects to the department. The police department preserved transmittal documents to and from the crime lab, the lab report, and a log maintained by the department.

PROCEDURE

Because Robert Abbett challenges the notice afforded him in the charging documents, we detail the contents of the many informations filed by the State. In its initial information, the State of Washington charged Robert Abbett with assault in the third degree, attempted second degree assault, unlawful possession of a firearm in the second degree, and violation of an order of protection. The State later filed an amended information. The amended information included two additional counts: possession of a controlled substance, methamphetamine, with intent to deliver and use of drug paraphernalia. The amended information stated that the maximum penalty for possession of a controlled substance with intent to deliver was "10 years imprisonment and/or a $25,000.00 fine." Clerk's Papers (CP) at 11.

3

In a second amended information, the State switched the attempted assault in the second degree charge to a charge of assault in the second degree. The State also amended the unlawful possession of a firearm in the second degree charge to allege that Robert Abbett previously incurred felony convictions.

The State filed a third amended information. This last information removed one of the named officers as a victim of assault in the second degree. The third amended information also removed some of the earlier felony convictions alleged for purposes of the predicate conviction for unlawful possession of a firearm, deleted the use of the drug paraphernalia count, and added a firearm enhancement that alleged that Robert Abbett possessed a controlled substance with intent to deliver while armed with a firearm. As with the prior documents, the third amended information stated the maximum penalty of ten years imprisonment on count five. Count six of the last information changed the charge of use of drug paraphernalia to possession of a controlled substance, methamphetamine. The State of Washington never mentioned, in any of the charging informations, that it would seek to double the maximum penalty for the conviction of possession of a controlled substance with intent to deliver.

The prosecution proceeded to a jury trial. Both Officers Joshua Rosenow and Cody Quantrell testified, and the State played, for the jury, Rosenow's dash camera video

of the incident. The video contained no audio, and the State did not play the entire video. The trial court admitted State's identification numbers 15 and 16, photographs of the two baggies containing the white substance, over defense counsel's objection.

Prior to submitting the criminal charges to the jury for deliberation, the trial court dismissed the assault in the third degree charge. The jury found Robert Abbett guilty of unlawful possession of a firearm in the second degree, violation of an order of protection, and possession of a controlled substance with intent to deliver. The trial court dismissed the lesser crime of possession of a controlled substance because the jury returned a guilty verdict on possession with intent to deliver. The jury found Abbett not guilty of assault in the second degree. The jury rendered special verdicts that the no-contact order violation involved a household member and that Abbett armed himself with a firearm at the time of the commission of possession of methamphetamine with the intent to deliver.

Before sentencing, the State filed a sentencing memorandum that listed Robert Abbett's prior convictions and included a chart that calculated Abbett's offender score. The chart included a 2012 possession of a controlled substance, methamphetamine, conviction and sentence. Accordingly, the State wrote in its memorandum:

> Also, as Defendant has a prior conviction under Chapter 69.50 RCW, the statutory maximum for Count 5 doubles from 120 to 240 months. *See* RCW 69.50.408(1).

5

CP at 120.

At sentencing, the trial court concluded that, because of the doubling provision in RCW 69.50.408(1), Robert Abbett's maximum sentence on count five, possession of a controlled substance with intent to deliver, was twenty years. The trial court sentenced Abbett to 43 months' confinement for unlawful possession of a firearm in the second degree, 364 days for violation of an order of protection, and 146 months for possession of a controlled substance with intent to deliver. The 146-month sentence on count five included a 36-month firearm enhancement. The sentencing court also imposed 12 months of community custody. The court ordered all sentences to run concurrently.

## LAW AND ANALYSIS

On appeal, Robert Abbett contends that his sentence for possession of a controlled substance with intent to deliver exceeds the maximum for a class B felony and that the trial court's use of the doubling provision contained in RCW 69.50.408(1) violated his due process right to notice under the Fourteenth Amendment to the United States Constitution and article I, section 3 of the Washington State Constitution. The jury convicted Robert Abbett of a class B felony, possession with intent to deliver, which carries a statutory maximum ten year sentence. But RCW 69.50.408(1) declares:

> Any person convicted of a second or subsequent offense under [chapter 69.50 RCW] may be imprisoned for a term up to twice the term

6

> otherwise authorized, fined an amount up to twice that otherwise
> authorized, or both.

RCW 69.50.408(1) doubles the maximum sentence of the underlying charge under chapter 69.50 RCW, not the standard sentence range. *In re Personal Restraint of Cruz*, 157 Wn.2d 83, 90, 134 P.3d 1166 (2006). When a defendant was earlier convicted under chapter 69.50 RCW, RCW 69.50.408 automatically applies to double the statutory maximum sentence. *State v. Cyr*, 8 Wn. App. 2d 834, 841, 441 P.3d 1238, *review granted*, 194 Wn.2d 1001, 451 P.3d 329 (2019). The trial court's discretion involves what sentence to actually impose within the doubled maximum and the standard range. *State v. Cyr*, 8 Wn. App. 2d at 841.

Robert Abbett concedes that the State previously convicted him of a drug crime. He also concedes that RCW 69.50.408(1) indicates that the maximum term for possession with intent to deliver may be twenty years instead of ten. Abbett contends, however, that the State never notified him in the many charging informations or in a separate pleading that he faced a penalty of twenty years.

*State v. McNeal*, 142 Wn. App. 777, 175 P.3d 1139 (2008) controls this issue. John McNeal argued that the trial court violated his due process right to notice under article I, section 22 of the Washington State Constitution and the Sixth Amendment to the United States Constitution because the State's charging document failed to assert the

7

existence of the condition precedent to the application of RCW 69.50.408(1)'s doubling

provision, which precedent was McNeal's previous qualifying drug offenses. *State v.*

*McNeal*, 142 Wn. App. at 785. The *McNeal* court disagreed. The court noted that the

charging information need include only "the essential elements of the charged crime."

*State v. McNeal*, 142 Wn. App. at 785. While relying on *Apprendi v. New Jersey*, 530

U.S. 466, 490, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000) and *Blakely v. Washington*, 542

U.S. 296, 301, 124 S. Ct. 2531, 159 L. Ed. 2d 403 (2004), the *McNeal* court emphasized:

> "*Other than the fact of a prior conviction,* any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt."

*State v. McNeal*, 142 Wn. App. at 786 (quoting *Blakely v. Washington*, 542 U.S. at 301).

Accordingly, the *McNeal* court reasoned that the State's failure to plead the doubling

provision did not violate McNeal's due process right to notice of the charges against him.

*State v. McNeal*, 142 Wn. App. at 786. Presumably, as long as the accused received

notice of his charges, he may conduct the research needed to determine the full maximum

of his possible sentence.

This court, in *State v. Roy*, 147 Wn. App. 309, 195 P.3d 967 (2008), followed the

same reasoning as the *McNeal* court. We held that the State did not breach Nicholas

Roy's due process notice rights when it did not give notice that his maximum sentence

8

could be doubled under RCW 69.50.408(1). We follow the teachings of *State v. McNeal*

and *State v. Roy*.

In his reply brief, Robert Abbett cites *State v. Crawford*, 159 Wn.2d 86, 147 P.3d

1288 (2006). The *Crawford* court held that the State must give notice to an accused

facing a determination of habitual offender status. Abbett equates a habitual offender

charge and the doubling provision of RCW 69.50.408(1) for purposes of the notice the

State must afford the accused. We disagree. As stated in *State v. Crawford*:

> [P]rosecutors must set forth their intent to seek enhanced penalties
> for the *underlying* crime in the information and are not applicable where, as
> here, a defendant faces potential sentencing consequences because of
> convictions for *prior* crimes.

*State v. Crawford*, 159 Wn.2d at 94. RCW 69.50.408(1) imposes a doubling measure on

the existence of a prior conviction.

Robert Abbett also contends the RCW 69.50.408(1)'s doubling provision parallels

an aggravating circumstance under RCW 9.94A.537(1) such that the State must have

afforded him notice of the doubling provision. Once again, we disagree. On the one

hand, RCW 9.94A.537(1) directs the State to give notice that it intends to seek a sentence

above the standard range "[a]t any time prior to trial or entry of the guilty plea," and that

"[t]he notice shall state aggravating circumstances upon which the requested sentence

will be based." On the other hand, the doubling provision of RCW 69.50.408(1) modifies

9

only the maximum penalty for the offense, not the standard range penalty. *In re Personal Restraint of Cruz*, 157 Wn.2d at 90 (2006).

Finally, Robert Abbett argues, in the alternative, that, if RCW 69.50.408(1) does not constitute an aggravating circumstance, the statutory subsection metes an enhanced sentence. Abbett cites *State v. Theroff*, 95 Wn.2d 385, 622 P.2d 1240 (1980), that compares the doubling provision to enhanced penalties such as firearm and deadly weapon enhancements. Nevertheless, Abbett cites no authority mandating that due process notice requirements, applicable when the State seeks enhanced penalties, apply to when the State seeks to apply the doubling provision under RCW 69.50.408(1). We decline to extend the rule in this appeal.

We also observe that Robert Abbett shows no prejudice resulting from application of RCW 69.50.408(1). He does not contend he would have changed his trial strategy or any negotiation tactic assuming notice from the State of the doubling statute.

## Statement of Additional Grounds

Robert Abbett raises three arguments in his statement of additional grounds for review (SAG). First, Abbett complains about the the destruction of exculpatory evidence before trial. Although not expressly stated by Abbett, he probably references the inadvertently destroyed baggies containing methamphetamine.

10

To comport with due process, the prosecution must disclose material exculpatory evidence to the defense and preserve such evidence for use by the defense. *Brady v. Maryland*, 373 U.S. 83, 83 S. Ct. 1194, 10 L. Ed. 2d 215 (1963); *State v. Wittenbarger*, 124 Wn.2d 467, 474-75, 880 P.2d 517 (1994). Contrary to Abbett's contention, the actual baggies and the encased substance would have implicated him, not exculpated him.

Second, Robert Abbett contends that his trial counsel performed ineffectively when counsel failed to object to the State's introduction of only a portion of the video captured by the law enforcement officer camera. Abbett asserts that his counsel should have insisted on the playing of the full video because its entirety "would clearly [have] established what really happened." SAG at 8. Nevertheless, Abbett does not indicate whether establishing what really happened would have benefited or prejudiced him.

Robert Abbett's second assigned error pertains to matters outside the record, which we cannot address in direct appeal. The entire video is not before us. A personal restraint petition is the proper means to introduce evidence outside the record on appeal. *State v. McFarland*, 127 Wn.2d 322, 338, 899 P.2d 1251 (1995).

Third, Robert Abbett contends that the destruction of the methamphetamine and the State's showing of only a portion of the dash camera video qualifies as prosecutorial misconduct. Abbett cites only RPC 8.4 in support of this assigned error.

11

To prevail on a claim of prosecutorial misconduct, a defendant must show that the prosecutor's conduct was both improper and prejudicial. *State v. Thorgerson*, 172 Wn.2d 438, 442, 258 P.3d 43 (2011). Abbett fails to cite this general principle. He also fails to show any prejudice.

CONCLUSION

We affirm Robert Abbett's convictions and sentence.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____
Fearing, J.

WE CONCUR:

_____
Lawrence-Berrey, J.

_____
Korsmo, A.C.J.

12